IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| CLINICAL RESOURCE NETWORK, LLC dba SYMPHONY CLINICAL RESEARCH 3 Parkway North, Suite 200 Deerfield, IL 60015<br><br>Plaintiff,<br><br>v.<br><br>MEDPACE, INC., 5375 Medpace Way Cincinnati, Ohio 45227<br><br>Defendant. | Case No. 1:23-cv-00239<br><br>Judge _____ |

# COMPLAINT

Plaintiff Clinical Resource Network, LLC, dba Symphony Clinical Research (hereinafter "Plaintiff" or "Symphony") hereby states as follows:

## PARTIES

1. Symphony provides clinical research services associated with clinical trial research. Symphony is an Illinois limited liability company formed under the laws of Illinois. Symphony's principal place of business is located in Illinois. None of Symphony's LLC members are citizens of the State of Ohio.

2. Symphony is a wholly owned subsidiary of ICON Clinical Research LLC ("ICON"). ICON is a clinical research limited liability company that is incorporated in Delaware. Although ICON is registered to do business in Ohio, its headquarters and principal place of business is located in Pennsylvania. None of ICON's LLC members are citizens of Ohio.

3. Medpace is a clinical research organization which utilizes clinical research services. Medpace is an Ohio corporation with its principal place of business and operations in Hamilton County, Ohio.

## JURISDICTION AND VENUE

4. Plaintiff hereby incorporates, as if fully rewritten herein, all previous allegations of the Complaint.

5. This Court has jurisdiction over this matter and the parties named herein, pursuant to 28 U.S.C.§1332 and 28 U.S.C.§1441(b), because complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00, exclusive interest and costs.

6. Venue is proper in this Court pursuant to 28 U.S.C.§1391 because Defendant resides in this district and a substantial part of the events giving rise to this action took place in this district.

## FACTS

7. On December 14, 2015, Symphony and Defendant entered into a Master Services Agreement ("MSA" or "Contract") for "study management and nursing/pharmacy/lab services" (hereinafter "Services"). (Ex. 1).

8. The MSA became effective February 23, 2016, and thereafter, Symphony provided the Services and Defendant benefited from the same.

9. This agreement extended until February 23, 2021, five years from the MSA's effective date.

10. The MSA was amended on October 29, 2020 (hereinafter "October 2020 Amendment") (Ex. 2) and again on February 23, 2021 (Ex. 3) (hereinafter "February 2021 Amendment").

11. The February Amendment extended the term of the MSA until February 23, 2026. (Ex. 3).

12. Services under the Contract were, and are, thus set to be performed through a period of February 23, 2016 to February 26, 2026.

13. The Contract, the October 2020 Amendment, and February 2021 Amendment were all valid under law and made with consideration.

14. Symphony provided the Services to Defendant throughout the term of the Contract.

15. Defendant was, and is, required to pay for services rendered throughout the term under the Contract.

16. Defendant accepted the benefit of the Services throughout the term of the Contract.

17. Despite accepting the benefit of the Services, Defendant refuses to pay as agreed under the Contract for the Services Plaintiff rendered for multiple periods including from January 2020 through September 2021.

18. This January 2020 through September 2021 period overlapped with the height of the Covid-19 outbreak and subsequent global pandemic.

19. Defendant has accepted the benefit of the Services rendered during this period yet nonetheless refuses to pay.

20. Defendant received monthly billing forecasts throughout the January 2020 to September 2021 period in question.

21. These billing forecasts fully complied with any obligations Symphony had under the Contract.

22. These billing forecasts, at a minimum, substantially complied with any obligations Symphony had under the Contract.

23. Symphony used all reasonable efforts to comply with any obligations under the Contract, particularly in the context of the Covid-19 pandemic.

24. Defendant nonetheless claims it is entitled to obtain the benefit of over one million dollars in services because it claims it did not receive billing information in a timely manner.

25. Even if Plaintiff had not rendered perfect performance under the Contract regarding invoices Plaintiff nonetheless substantially complied.

26. Defendant has previously expanded the time period for providing invoices under the Contract regardless, arbitrarily more than doubling the period to provide invoices under the Contract.

27. Defendant thus has admitted that the Contract's invoice requirement does not require strict compliance.

28. Defendant itself has not strictly complied with the MSA, nor has Defendant strictly complied with similar contracts entered into with other entities in the clinical research industry.

29. Upon information and belief, Defendant does not require strict compliance with billing requirements with other entities to which it enters into agreements.

30. Defendant thus improperly withholds full payment from Plaintiff under the Contract despite receiving the benefit of the Services.

## CAUSES OF ACTION

### COUNT I
### (BREACH OF CONTRACT: EXPRESS OR IMPLIED, COVENANT OF GOOD FAITH AND FAIR DEALING)

31. Plaintiff hereby incorporates, as if fully rewritten herein, all previous allegations of the Complaint.

4882-7584-8535.1

32. Defendant entered into the Contract with Plaintiff whereby Plaintiff agreed to provide the Services to Defendant, described with particularity in the Contract, and in exchange, Defendant agreed to make payment to Plaintiff.

33. The Contract does not require strict performance in regard to the submission of invoices.

34. The parties' course of performance and course of dealing also did not require strict performance in regard to the submission of invoices.

35. It is also not customary in the clinical research industry to require strict performance in regard to invoicing.

36. Defendant itself has not strictly performed under similar provisions in similar contracts.

37. Plaintiff has provided the Services and, at a minimum, substantially performed under the Contract.

38. The contract also contains a "Force Majeure" clause which only requires Plaintiff to utilize "reasonable efforts" to perform.

39. Plaintiff at all times, at a minimum, used reasonable efforts to perform the Services during the events described herein, particularly in the context of the Covid-19 pandemic.

40. Defendant obtained the benefit of the Service and refuses to pay for the Services. Defendant has thus breached the Contract.

41. Plaintiff has suffered damages as a result of Defendant's breach and has not been paid for the services rendered.

42. These damages are in excess of one-million five-hundred thousand dollars ($1,500,000).

43. The law requires that every party to a contract have a duty of good faith and fair dealing. This means that every party to the contract must act in good faith performance and enforcement of the contract.

44. During the course of the MSA, Plaintiff was acquired by ICON's parent entity ICON Clinical Research, plc , an organization which Defendant views as its rival.

45. Defendant is currently pursuing litigation against ICON in an unrelated matter before the Hamilton County Court of Common Pleas styled *Medpace, Inc. v. ICON Clinical Research, LLC, et al.*, A 2102208.

46. Defendant has previously pursued litigation against one of ICON's employees in the Hamilton County Court of Common Pleas styled *Medpace, Inc. v. Stephen Amori*, A 2003391.

47. Defendant refuses to pay for the Services rendered during the same time period which overlaps with the litigation of these lawsuits.

48. Defendant refuses to pay for the Services rendered as litigation continues in *Medpace, Inc. v. ICON Clinical Research, LLC, et al.*, A 2102208.

49. Defendant, upon information and belief, would not have refused to perform under the Contract but for its unrelated legal dispute with ICON and/or its employees.

50. Defendant continues to refuse to perform under the Contract, upon information and belief, due to feelings of ill will toward Symphony unrelated to the terms of the Contract or performance of the Contract.

51. Defendant, upon information and belief, would not insist on strict enforcement of any provision of the Contract but for its unrelated legal dispute with ICON and/or its employees.

4882-7584-8535.1

52. Defendant thus is not acting to carry out the purpose of the Contract that the parties intended, but instead, upon information and belief, refuses to perform in retaliation for an unrelated legal dispute with ICON.

53. Defendant has thus breached the covenant of good faith and fair dealing to the Contract.

54. Plaintiff has suffered damages as a result of Defendant's breach of the covenant of good faith and fair dealing as previously described herein.

## COUNT II
### (UNJUST ENRICHMENT/RESTITUTION)

55. Plaintiff hereby incorporates, as if fully rewritten herein, all previous allegations of the Complaint.

56. In the alternative and/or to the extent Defendant claims that a Contract does not exist between Plaintiff and Defendant, Defendant has benefited and been unjustly enriched by virtue of the Services provided to it by Plaintiff and Plaintiff is entitled to restitution.

57. The benefits conferred upon Defendant have been to the expense of and to the detriment of Plaintiff.

58. Defendant knew of the benefits that it was to receive and did receive from Plaintiff as a result of Plaintiff's Services, and Defendant retained these benefits.

59. Plaintiff has suffered damages as a result of Defendant's breach of contract as previously described herein.

## COUNT III
### (PROMISSORY ESTOPPEL)

60. Plaintiff hereby incorporates, as if fully rewritten herein, all previous allegations of the Complaint.

61. In the alternative and/or to the extent Defendant claims a Contract does not exist between Plaintiff and Defendant, Defendant and its representatives promised to pay Plaintiff for the Services.

62. As a result of Defendant's promises, Plaintiff acted in reliance and took various actions, including providing services and continuing to provide services and incurring other costs and expenses.

63. Plaintiff's reliance on Defendant's promises was reasonable given the circumstances and this reliance was foreseeable by Defendant.

65. Due to its reasonable and justified reliance upon Defendant's promises which were untrue, Plaintiff has been damaged due to Defendant's conduct as previously described herein.

WHEREFORE, Plaintiff demands judgment in its favor and against Defendant for an amount in excess of one-million five-hundred thousand dollars ($1,500,000) plus interest, costs, attorney's fees and expenses, compensatory damages, and any and all other relief available at law and/or equity that the Court deems just and proper.

    Respectfully submitted,

By: _/s/ M. Scott McIntyre_
M. Scott McIntyre (OH0075298)
(Trial Counsel)
Sean P. Ryan (OH0094085)
BakerHostetler, LLP
312 Walnut St., Ste. 3200
Cincinnati, Ohio 45202
Telephone: (513) 852-2622
Facsimile: (513) 929-0303
Email: smcintyre@bakerlaw.com
    spryan@bakerlaw.com

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff demands a trial by jury on all issues and claims in this matter.

*/s/ M. Scott McIntyre*
M. Scott McIntyre (OH0075298)
