IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Clinical Resource Network, LLC d/b/a Symphony Clinical Research, <br><br> Plaintiff, <br><br> v. <br><br> Medpace, Inc., <br><br> Defendant. | Case No. 1:23-cv-239 <br><br> Judge Susan J. Dlott <br><br> **Order Granting in Part and Denying in Part Defendant's Motion to Dismiss** |

This breach of contract case is before the Court on Defendant Medpace, Inc.'s ("Medpace") Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 9(c). (Doc. 10.) Plaintiff Clinical Resource Network, LLC d/b/a Symphony Clinical Research ("Symphony") responded in opposition, and Medpace replied. (Docs. 12, 16.) For the reasons stated below, the Court finds Symphony has sufficiently pled its breach of contract claim, but its alternative equitable claims should be dismissed. Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Medpace's Motion to Dismiss. (Doc. 10.)

I. BACKGROUND

A. Complaint Allegations[1]

Symphony is an Illinois limited liability company that provides clinical research services associated with clinical trial research. (Doc. 1 at PageID 1.) Symphony is a wholly-owned subsidiary of ICON Clinical Research LLC ("ICON"), which is a clinical research limited

---

[1] The Complaint allegations are accepted as true for purposes of the Motion to Dismiss. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

liability company with its principal place of business in Pennsylvania. *Id.* Medpace is a clinical research organization with a principal place of business in Ohio. (*Id.* at PageID 2.)

Symphony and Medpace entered into a Master Services Agreement ("MSA") on December 14, 2015 for "study management and nursing/pharmacy/lab services." (*Id.*) The MSA became effective on February 23, 2016, and Symphony provided study management and services, from which Medpace benefitted. (*Id.*) The parties amended the MSA on October 29, 2020 and February 23, 2021. (*Id.*) The latter amendment extended the term of the MSA to February 23, 2026. (*Id.* at PageID 3.) Pursuant to the MSA, Medpace is required to pay for services rendered throughout the term of the MSA. (*Id.*)

Although Medpace accepted the benefit of Symphony's services throughout the term of the MSA, it refuses to pay for services rendered for multiple time periods, including from January 2020 through September 2021. (*Id.*) Medpace refuses to pay for the services it received because it asserts it did not receive timely billing information. (*Id.* at PageID 4.) Symphony asserts it is owed damages in the amount of $1,500,000. (*Id.* at PageID 5.)

Symphony alleges it fully complied with the terms of the MSA. (*Id.*) Alternatively, it alleges that it substantially complied with its obligations. (*Id.*) Symphony asserts that it used all reasonable efforts to comply with its obligations under the MSA during the COVID-19 pandemic. (*Id.*) Symphony also asserts that Medpace previously expanded the time period for providing invoices under the MSA, "arbitrarily more than doubling the period to provide invoices" under the MSA. (*Id.* at PageID 4.) As such, Symphony asserts the MSA does not require strict compliance. (*Id.*)

2

B.  **Procedural History**

Symphony filed this lawsuit on April 27, 2023 and asserts three causes of action: (1) breach of contract; (2) unjust enrichment/restitution; and (3) promissory estoppel. (*Id.*) On July 13, 2023, Medpace moved to dismiss. (Doc. 10.) Symphony responded in opposition, and Medpace replied. (Docs. 12, 16.) On October 30, 2024, this matter was transferred to the docket of the Undersigned. (Doc. 23.) The matter is now ripe.

II. **STANDARD OF REVIEW**

Medpace seek to dismiss the Complaint for failure to state a claim under Rule 12(b)(6). A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Indeed, under the plausibility standard set forth in *Twombly* and *Iqbal*, courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process. "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for

3

discovering evidence to substantiate plausibly-stated claims." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D. Ohio 2020).

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000).

### III. LAW AND ANALYSIS

#### A. Breach of Contract

Symphony alleges that Medpace breached the MSA by refusing to pay for the services it rendered. (Doc. 1 at PageID 5.) Under Ohio law, a breach of contract claim has the following elements: "(1) the existence of a contract, (2) performance by the plaintiff, (3) breach by the defendant, and (4) damages resulting from the breach." *Brendamour v. Indian Hill*, 2022-Ohio-4724, 204 N.E3d 1085, 1089 (Ohio Ct. App. 1st Dist. 2022) (citing *White v. Pittman*, 2020-Ohio-3957, 156 N.E.3d 1026, 1037 (Ohio Ct. App. 1st Dist. 2020)). "Ohio courts have recognized that '[i]n addition to a contract's express terms, every contract imposes an implied duty of good faith and fair dealing in the performance and enforcement.'" *Id.* at 1090 (citing *Lucarell v. Nationwide Mut. Ins. Co.*, 2018-Ohio-15, 152 Ohio St. 3d 453, 97 N.E.3d 458, 469 (Ohio 2018)). "'Good faith' refers to an 'implied undertaking not to take opportunistic advantage in a way that could not have been contemplated at the time of drafting, and which therefore was not resolved explicitly by the parties.'" *Id.* (citing *Ed Schory & Sons, Inc. v. Soc. Natl. Bank*, 1996-Ohio-194,

4

75 Ohio St. 3d 433, 662 N.E.2d 1074, 1082–1083 (Ohio 1996)). "[T]here is no independent cause of action for breach of the implied duty of good faith and fair dealing apart from a breach of the underlying contract." *Id.* (citing *Lucarell*, 97 N.E.2d at 464.)

Symphony has sufficiently pled breach of contract under Ohio law. Symphony alleges that Medpace entered into the MSA with Symphony whereby Symphony agreed to provide services to Medpace, and in exchange, Medpace agreed to make payment to Symphony. (Doc. 1 at PageID 5.) Medpace failed to remit payment, which allegedly damaged Symphony in the amount of $1,500,000. (*Id.*)

Medpace argues that Symphony failed to fulfill a condition precedent of remitting invoices within 75 days of performance, excusing Medpace's duty to pay. (Doc. 12 at PageID 60.) Medpace also argues the parties' course of dealings cannot modify the MSA's terms, which it argues are unambiguous. (*Id.*) Under Ohio law, "[a] condition precedent is a condition which must be performed before the obligations in the contract become effective." *Troha v. Troha*, 105 Ohio App. 3d 327, 663 N.E.2d 1319, 1323 (Ohio Ct. App. 2nd Dist. 1995) (citing *Mumaw v. W. & S. Life Ins. Co.*, 97 Ohio St. 1, 119 N.E.132, 135 (Ohio 1917)). "Whether a provision in a contract is a condition precedent is a question of the parties' intent. Intent is ascertained by considering not only the language of a particular provision, but also the language of the entire agreement and its subject matter." *Id.* at 1324 (citing *Mumaw, supra.*). "Conditions precedent are not favored by the law, and whenever possible courts will avoid construing provisions to be such unless the intent of the agreement is plainly to the contrary." *Rudd v. Online Res., Inc.*, No. 17500, 1999 WL 397351, at *7 (Ohio Ct. App. 2nd Dist. June 18, 1999) (citing 17A American

5

Jurisprudence 2d (1991) 491-491, Contracts, Section 471, citing Restatement of Law 2d, Contracts, Section 227.)

Federal Rule of Civil Procedure 9(c) directs that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." However, a party is "not required to plead performance of conditions precedent to recovery." *Brown Family Tr., LLC v. Dick's Clothing and Sporting Goods, Inc.*, No. 3:13-cv-314, 2014 WL 617668, at *3 (S.D. Ohio Feb. 18, 2014). Here, Symphony does not plead a condition precedent.

Regardless, even if Symphony is required to plead a condition precedent to recover, its allegations are sufficient. Symphony avers that it provided services under the MSA, Medpace accepted those services, and despite receiving monthly billing forecasts throughout the period in question, refuses to pay for those services. (Doc. 1 at PageID 3.) Symphony alleges that the billing forecasts complied with its obligations under the MSA and at a minimum, substantially complied with its obligations under the MSA. *Id.* Symphony also alleges that it made reasonable efforts to comply in the context of the COVID-19 pandemic and that Medpace previously expanded the time period for providing invoices under the MSA. *Id.* at PageID 4. Thus, Rule 9(c) does not apply here, but even if it did, Symphony has met its general pleading requirements.

6

The cases upon which Medpace relies for its argument that Symphony failed to fulfill a condition precedent are distinguishable. Those cases were decided at the more advanced procedural posture of summary judgment after discovery has been conducted. They also are factually distinguishable from the allegations of this case. *See Strom Eng'g Corp. v. Int'l Fiber Corp.*, No. 3:12-cv-035, 2013 U.S. Dist. LEXIS 133586, at *20–21 (S.D. Ohio Sept. 18, 2013) (granting summary judgment to defendant on the claim that it should be required to pay a transportation invoice because the condition precedent of supporting the invoice with documentation was not fulfilled); *Morrison v. Bare*, C.A. No. 23667, 2007 Ohio App. LEXIS 5955, ¶¶ 16–23 (Ohio Ct. App. Dec. 19, 2007) (affirming summary judgment; finding that a buyer's requirement that a seller provide a furnace repair bill showing a repair was a condition of the buyer's performance rather than a promise and the buyer properly treated the contract as terminated); *Olivia Marie, Inc. v. Travelers Cas. Ins. Co. of Am.*, No. 2:11-cv-12394, 2013 U.S. Dist. LEXIS 19050, at *16–20 (E.D. Mich. Feb. 13, 2013) (granting summary judgment to insurer where plaintiff failed to complete a condition precedent to insurer's liability under the insurance policy).

Furthermore, conditions precedent may be waived. *Eagle Realty Investments, Inc. v. Dumon*, 2022-Ohio-4106, 201 N.E3d 963, 970 (Ohio Ct. App. 1st Dist. 2022) (citing *O'Brien v. Ravenswood Apts., Ltd.*, 169 Ohio App. 3d 233, 2006-Ohio-5264, 862 N.E.2d 549, ¶ 24 (Ohio Ct. App. 1st Dist. 2006)). "A party may waive a contractual right through a voluntary or intentional 'act inconsistent with claiming it.'" *Id.* (citing *Baughman v. State Farm Mut. Auto. Ins. Co.*, 2005-Ohio-1948, 160 Ohio App.3d 642, 828 N.E.2d 211, ¶ 9 (Ohio Ct. App. 9th Dist.

7

2005)). Here, Symphony alleges that Medpace expanded the time for providing invoices and did not require strict compliance of the MSA. (Doc. 1 at PageID 4.)

Finally, because the Court finds that Symphony adequately pled a breach of contract claim, Medpace's argument that the derivative breach of the implied covenant of good faith and fair dealing fails is moot. Symphony alleges that Medpace is retaliating against it due to unrelated legal disputes against Symphony's parent company, ICON. (*Id.* at PageID 6–7.) Whether Medpace acted in good faith is a factual dispute that will be borne out as the case progresses.

For these reasons, Symphony's breach of contract claim will not be dismissed.

### B. Equitable Claims

Medpace argues that Symphony's equitable claims of unjust enrichment and promissory estoppel are unavailable as alternatives to its breach of contract claim and should be dismissed because there is no dispute a valid contract exists. The parties dispute whether Symphony is permitted to plead alternate theories of recovery to its breach of contract claim.

Because there is no dispute the MSA exists, and there are no allegations the underlying MSA is invalid or unenforceable, the Court will dismiss Symphony's alternate equitable theories of recovery. *See Kalos, LLC v. Twin Springs at White House, LLC*, No. 21-5352, 2022 WL 59617, at *1 (6th Cir. Jan. 6, 2022) (under Tennessee law, a plaintiff may plead a claim for unjust enrichment by pleading in the alternative that an underlying contract is unenforceable or invalid, but the plaintiff had not done so); *Executone of Columbus, Inc. v. Inter-Tel, Inc.*, 665 F. Supp. 2d 899, 915 (S.D. Ohio 2009) (Ohio law does not support a promissory estoppel claim overlapping with a breach of contract claim where the same payment obligation is the gravamen

8

of the breach of contract claim).[2] *But see Medpace, Inc. v. InspireMD, Ltd.*, No. 1:2016-cv-830, 2017 WL 7513315, at *1 (S.D. Ohio Aug. 11, 2017) (allowing equitable claims to proceed as it was possible that the governing contract could be found unenforceable in the future, meaning the plaintiff would have to rely upon quasi-contract remedies).

Because the MSA squarely governs the dispute in this case, the quasi-contract claims are not viable. The claims of unjust enrichment and promissory estoppel are **DISMISSED**.

### IV. CONCLUSION

For the reasons stated, the Court **GRANTS IN PART AND DENIES IN PART** the Motion(s) to Dismiss filed by Medpace. (Doc. 10.) The breach of contract claim will go forward, but the unjust enrichment and equitable estoppel claims are dismissed.

**IT IS SO ORDERED.**

BY THE COURT:

_Susan J. Dlott_
Susan J. Dlott
United States District Judge

---

[2] If new information arises from discovery regarding the MSA's enforceability, Symphony may petition the Court to amend its pleadings to add equitable claims of relief at that time.

9