IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Clinical Resource Network, LLC d/b/a Symphony Clinical Research, | : : : Case No. 1:23-cv-239 |
| Plaintiff, | : : Judge Susan J. Dlott |
| v. | : : **Order Granting Defendant's Motion to** |
| Medpace, Inc., | : **Dismiss Counts 2 Through 4** |
| Defendant. | : |

This matter is before the Court on Defendant Medpace, Inc.'s ("Medpace") Motion to Dismiss Equitable Claims in Counts 2 Through 4 of the Amended Complaint. (Doc. 39.) Clinical Resource Network, LLC d/b/a Symphony Clinical Research ("Symphony") responded in opposition, and Medpace replied. (Docs. 40, 41.) For the reasons set forth herein, the Court will **GRANT** Medpace's Motion and dismiss Counts 2 Through 4 of the Amended Complaint. (Doc. 39.)

I. BACKGROUND

A. **Procedural History**[1]

This is a two-year-old breach-of-contract action filed on April 27, 2023. (Doc. 1.) Initially, Symphony asserted three causes of action: (1) breach of contract; (2) unjust enrichment/restitution; and (3) promissory estoppel. (*Id.*) On November 7, 2024, the Court granted in part and denied in part Medpace's Motion to Dismiss by dismissing the equitable claims asserted in Counts 2 and 3. (Doc. 24.) As to those claims, the Court found that

---

[1] The Complaint allegations are accepted as true for purposes of the Motion to Dismiss. *DIRECTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

"[b]ecause there is no dispute the MSA [Master Services Agreement] exists, and there are no allegations the underlying MSA is invalid or unenforceable, the court will dismiss Symphony's alternative equitable theories of recovery." (*Id.* at PageID 544.) The Court footnoted that "[i]f new information arises from discovery regarding the MSA's enforceability, Symphony may petition the Court to amend its pleadings to add equitable claims of relief at that time." (*Id.* at PageID 545 n.2.[2])

On March 31, 2025, Symphony moved for leave to amend its Complaint, and the next week, Medpace filed a Notice of Consent to Plaintiff's Filing of an Amended Complaint. (Docs. 34, 35.) On April 10, 2025, the Court granted Symphony's Motion. (Doc. 36.) On April 14, 2025, Symphony filed an Amended Complaint adding two claims the Court previously dismissed, unjust enrichment and promissory estoppel, and a third equitable claim, quantum meruit,[3] which shares the same essential elements as an unjust enrichment claim in Ohio.[4] (Doc. 37.) On April 28, 2025, Medpace moved to dismiss Symphony's three equitable claims, to

---

[2] Despite Plaintiff's characterization of this as an invitation to amend its Complaint, it merely was a restatement of Federal Rule of Civil Procedure 15. (*See* Doc. 40 at PageID 637.)

[3] Plaintiff labeled the claim as "quantum meiruit." The Court construes this as a quantum meruit claim. (Doc. 37 at PageID 615.)

[4] *Meyer v. Chieffo*, 2011-Ohio-1670, ¶ 37, 950 N.E.2d 1027, 1039 (Ohio App. 2011) ("Unjust enrichment and quantum meruit are doctrines derived from the natural law of equity and share the same essential elements.") (internal quotations removed).

which Symphony responded, and Medpace replied. (Docs. 39, 40, 41.) The Court finds Medpace's Motion to be well-taken.[5]

## II. STANDARD OF REVIEW

Medpace moves to dismiss the Amended Complaint for failure to state a claim under Rule 12(b)(6). A party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). This, however, requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action," and the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable interference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Under the standard set forth in *Twombly* and *Iqbal,* "courts play an important gatekeeper role, ensuring that claims meet a plausibility threshold before defendants are subjected to the potential rigors (and costs) of the discovery process." *Green v. Mason*, 504 F. Supp. 3d 813, 827 (S.D.

---

[5] The Court would have preferred Medpace to raise the issue presented in the most efficient manner possible, which would have been when Symphony filed its Motion for Leave to File an Amended Complaint in March. Medpace's decision to file a Notice of Consent to Symphony's filing an Amended Complaint only to one month later move to dismiss those claims it consented to being added was a circuitous way to address the issue presented.

3

Ohio 2020). "Discovery, after all, is not designed as a method by which a plaintiff discovers whether he has a claim, but rather a process for discovering evidence to substantiate plausibly-stated claims." *Id.*

In deciding a motion to dismiss, the district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *DIRECTV, Inc. v. Treesh,* 487 F.3d 471, 476 (6th Cir. 2007). In doing so, the district court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby Cnty.,* 220 F.3d 433, 446 (6th Cir. 2000).

### III. LAW AND ANALYSIS

The Court previously found that Symphony adequately pled a breach of contract claim based upon an alleged breach of the parties' MSA. (Doc. 24 at PageID 544.) The Court also found that "[b]ecause there is no dispute the MSA exists, and there are no allegations underlying the MSA is invalid or enforceable, the Court will dismiss Symphony's alternate equitable theories of recovery." (*Id.*) In its Amended Complaint, Symphony added three equitable claims of unjust enrichment, quantum meruit, and promissory estoppel. (Doc. 37.) Notably, the fact section of the Amended Complaint appears to be virtually identical to the Complaint. (*Compare* Doc. 1 *to* 37.)

Symphony appears to be relying upon the following "new" allegations it included in its unjust enrichment claim (Count 2):

> 56. The Contract does *not* state that Defendant will not pay for (and thus, that Defendant shall receive free of charge) any or all Services and/or pass through expenses for which an invoice was received outside of seventy-five (75) days

4

> after the performance of the Services or the incurrence of any pass-through expense included in the invoice (the "Notice Period") or never received at all.
> 57. The Contract only states that such *invoices* (i.e., the invoice amount) will not be paid.
> 58. Therefore, the Contract does not cover the subject matter of the amount of or fact of compensation for Services and/or pass through expenses detailed in the invoices where the invoices were submitted after the Notice Period.

(Doc. 40 at PageID 635–36 (citing Amended Complaint, Doc. 37 at PageID 614).)

What the Contract, or MSA, says or does not say was already before the Court when it dismissed Plaintiff's equitable claims in November 2024. (*See* Doc. 1-1.) The MSA was attached to Plaintiff's original Complaint. Symphony's interpretation of the parties' MSA in its Amended Complaint is not new information revealed during discovery. The Court has held that the MSA squarely governs the dispute in this case, and as such, Symphony's quasi-contract claims are not viable. Plaintiff's Counts 2 through 4 of the Amended Complaint are, therefore, **DISMISSED**.

IV. **CONCLUSION**

For the reasons stated, the Court **GRANTS** Medpace's Motion to Dismiss Counts 2 Through 4 of the Amended Complaint. (Doc. 39.)

**IT IS SO ORDERED.**

BY THE COURT:

*Susan J. Dlott*
Susan J. Dlott
United States District Judge

5